Rogers v. Roosevelt Union Free School District

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand fourteen.

PRESENT:
            ROBERT A. KATZMANN,
                    *Chief Judge,*
            RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges.*

_____

Helen Rogers,

                    *Plaintiff-Appellant*,

            - v. -                                                    13-233-cv

Roosevelt Union Free School District, Robert
Wayne-Harris, Faith Vaughn-Shavlio, Donald
Crummell, Barbara Solomon, Terri McGrath, Yves
Monpoint, Jonathan Finch, in their individual and
official capacities, Donald Humphrey,

                    *Defendants-Appellees*.

_____

For Plaintiff-Appellant**:**                          Helen Rogers, *pro se*, Pinson, AL.

For Defendants-Appellees: Lewis R. Silverman, Samantha Velez, Rutherford & Christie, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Helen Rogers, *pro se*, appeals from a judgment entered on December 11, 2012, by the United States District Court for the Eastern District of New York (Brodie, *J.*), which granted summary judgment to Defendants-Appellees Roosevelt Union Free School District, Robert Wayne-Harris, Faith Vaughn-Shavlio, Donald Crummell, Barbara Solomon, Terri McGrath, Yves Monpoint, and Jonathan Finch. Rogers, a former science teacher at Roosevelt Union Free School District's high school, brought claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964, and the New York State Human Rights Law ("NYSHRL"), alleging that she suffered employment discrimination on the basis of her age and disability. Rogers generally alleged that she was retaliated against for her previous discrimination complaint against the school, denied reasonable accommodations for her disability, denied necessary school supplies, left off of a school-wide email distribution list, not given a timely teaching evaluation, and not allowed to teach her preferred classes. She further alleged that the defendants erroneously calculated her absences and health care deductions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

2

We review a district court's grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment was granted." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)) (quotation marks and brackets omitted). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Id.*; *see also* Fed. R. Civ. P. 56(a).

For substantially the reasons stated by the district court in its thorough opinion entered on December 7, 2012, we find no error in the decision granting summary judgment to the defendants on all claims. As to Rogers's claim for failure to accommodate under the ADA, the district court properly found that for each of her accommodation requests, the school district either provided a reasonable accommodation or there was no nexus between Rogers's request and her disability. As to Rogers's retaliation claim under the ADA, the district court appropriately concluded that Rogers failed to adduce facts that would suggest retaliatory intent or that could establish a constructive discharge or other adverse employment action. Rogers's failure to adduce facts showing an adverse employment action is likewise fatal to her claims under the ADEA and Title VII. As to Rogers's § 1983 claims, the district court properly determined that she failed to adduce evidence that she suffered an adverse employment action or that would raise an inference of discriminatory intent or a hostile working environment. Finally, the district court appropriately declined to exercise supplemental jurisdiction over Rogers's claim under the NYSHRL.

To the extent Rogers independently challenges the district court's denial of the various requests set forth in her "motion for an order to show cause," that challenge is without merit. We review a district court's denial of leave to amend a complaint for abuse of discretion, *see Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011), and the district court was well within its discretion to deny leave long after the deadline for amending had passed. The district court also appropriately denied Rogers's request to strike the names of her former attorneys from the docket, her request for an *ex parte* hearing with the magistrate judge, and her request for the defendants to explain their litigation tactics. Rogers's remaining requests went to the merits of her claims, which the district court fully addressed on summary judgment.

Finally, to the extent Rogers contends that the district court failed to treat her with the proper liberality owed to *pro se* litigants, that contention is belied by the record. The district court construed Rogers's filings generously, *see Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), and provided her with adequate notice of the consequences of a summary judgment motion, *see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620-21 (2d Cir. 1999).

We have considered Rogers's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4