15-2212-cv
*Whitnum v. Town of Greenwich*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

L. "LEE" WHITNUM,

                    *Plaintiff-Appellant,*                     15-2212-cv

            v.

TOWN OF GREENWICH, PETER TESEI,

                    *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**         L. Lee Whitnum, *pro se*, Greenwich, CT.

**FOR DEFENDANTS-APPELLEES:**        William J. Kupinse, Jr. and Andrew M. McPherson, Goldstein and Peck, P.C., Bridgeport, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant L. "Lee" Whitnum ("Whitnum"), proceeding *pro se*, appeals from a judgment of June 16, 2015, dismissing her case for lack of standing and denying her leave to amend her complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of leave to amend for abuse of discretion. *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011). "[A] party may amend its pleadings more than once 'only with the opposing party's written consent or the court's leave.'" *Knife Rights, Inc. v. Vance*, 802 F.3d 377 (2d Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). District courts have "considerable discretion to deny amendment when there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment." *Id.* (internal quotation marks and brackets omitted). A district court does not abuse its discretion unless there is "an error of law, a clearly erroneous assessment of the facts, or a decision outside the available range of permitted choices." *Id.* Here, Whitnum has not shown that the District Court erred, much less "abused its discretion," in denying her oral motion to file a third amended complaint.

Whitnum states in her opening brief that she does not challenge the District Court's dismissal for lack of standing of her claim that the Town of Greenwich violated the Establishment Clause by hosting a bar mitzvah at the Town Hall. Although she recants this concession in her reply brief, we generally do not consider claims raised for the first time in reply. *See, e.g., Graham v. Henderson*, 89 F.3d 75, 82 (2d Cir. 1996) (declining to consider an argument raised for the first time by a *pro se* litigant in a reply brief). We therefore decline to consider Whitnum's arguments regarding standing.

Finally, we reject as meritless Whitnum's unsubstantiated allegation that Judge Underhill was biased against her, *inter alia*, "due to his unique family background."

### CONCLUSION

We have reviewed all of the remaining arguments raised by Whitnum on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk