*Shull v. Sorkin*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of July, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> ROBERT D. SACK,
> DENNY CHIN,
> *Circuit Judges.*

---

DENISE K. SHULL, THE RETHINK GROUP, INC.,

> *Plaintiffs-Appellants,*

v.                                                      20-3529

TBTF PRODUCTIONS, INC., SHOWTIME NETWORKS INC., CBS CORPORATION, BRIAN KOPPELMAN, DAVID LEVIEN, DAVID NEVINS, ANDREW ROSS SORKIN,

> *Defendants-Appellees.*

---

For Plaintiffs-Appellants:                AVRAM TURKEL, Borstein Turkel, P.C., New York, NY; Jonathan E. Moskin, *on the brief*, Foley & Lardner LLP, New York, NY

1

For Defendants-Appellees:   ELIZABETH A. MCNAMARA (Rachel F. Strom and Meenakshi Krishnan, *on the brief*), Davis Wright Tremaine LLP, New York, NY

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Daniels, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiffs-Appellants Denise K. Shull ("Shull") and The ReThink Group, Inc. (together, "Plaintiffs") commenced this action against Defendants-Appellants TBTF Productions, Inc., Showtime Networks Inc., CBS Corporation, Brian Koppelman, David Levien, and Andrew Ross Sorkin (collectively, "Defendants") on December 31, 2018, alleging, *inter alia*, that Defendants committed copyright infringement. Broadly, Plaintiffs allege that Defendants' television show, *Billions*, is an unauthorized derivative work based on key elements of Plaintiffs' book, *Market Mind Games: A Radical Psychology of Investing, Trading, and Risk* ("*Market Mind Games*"). In Plaintiffs' view, Defendants portray the fictional character of Dr. Wendy Rhoades ("Dr. Rhoades") in *Billions* in substantially the same manner as Shull portrays the fictional characterization of herself in *Market Mind Games*. The district court granted Defendants' motion to dismiss on October 4, 2019, concluding that Plaintiffs failed to state copyright infringement claims because they failed to allege plausibly that *Market Mind Games* and *Billions* are substantially similar. After the district court entered judgment, Plaintiffs filed a motion to vacate or set aside the judgment and for leave to file an amended complaint, which the district court denied. Plaintiffs appeal, challenging the district court's judgment dismissing their complaint and order denying their post-judgment motion for leave to amend. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**A. Motion to Dismiss**

We review *de novo* the district court's judgment granting Defendants' motion to dismiss. *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 99–100 (2d Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering a motion to dismiss, a court generally "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). A district court "may also consider matters of which judicial notice may be taken under Fed. R. Evid. 201." *Id.*

Here, Plaintiffs argue that reversal is required because the district court improperly relied on facts it judicially noticed via a "quick internet search" to refute the allegations in the complaint. We disagree. Even assuming *arguendo* that the district court improperly took judicial notice of the fact "that there are numerous in-house performance coaches who are currently on Wall Street," App'x at 295, we need not disturb the district court's decision. Based on our *de novo* review of the works at issue, the district court properly concluded that Plaintiffs' copyright infringement claims are deficient as a matter of law.

"To establish a claim of copyright infringement, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). To satisfy the second of these elements, a

3

plaintiff "must demonstrate that: (1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of [the] plaintiff's [work]." *Id.* (internal quotation marks and emphasis omitted). We have explained that courts may resolve the question of substantial similarity as a matter of law at the pleadings stage based on a review of the works in their entirety. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63–65 (2d Cir. 2010).

First, the district court properly concluded that the works are not substantially similar under the "more discerning observer" test. The "more discerning observer" test requires us to assess "substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed [work]." *Abdin*, 971 F.3d at 66 (internal quotation marks omitted). "[W]e examine the similarities in such aspects as the total concept and feel, theme, characters, plot, sequence, pace, and setting." *Id.* (internal quotation marks omitted).

A review of these factors illustrates that *Billions* and *Market Mind Games* are not substantially similar. The plot of *Market Mind Games*, to the extent there is one, is wholly dissimilar from that of *Billions*. Likewise, the similarities that exist between Dr. Rhoades in *Billions* and the fictional version of Shull in *Market Mind Games*—namely their gender and occupation—are generalized and non-protectible. *Id.* at 72 (noting that "stock similarities" such as hair color, race, and profession "are non-protectible generalized traits that cannot support a plausible character infringement claim"). Bearing these and other distinctions in mind, the total concept and feel of *Market Mind Games* is quite different from that of *Billions*: Whereas *Market Mind Games* is an academic book that draws on fictional stories to illustrate Shull's ideas, *Billions* is an entirely fictional serial television drama that, as the district court described it, seeks to portray "the drama that lies in the age old trifecta of money, power, and sex," App'x at 291. *See Abdin*,

4

971 F.3d at 73 "([W]here the 'total concept and feel' of competing works is different, we will not find infringement.")

Second, the district court properly concluded that the works are not substantially similar under the so-called "quantitative and qualitative" approach. We have described this approach as requiring a court to consider: (1) quantitatively, whether "the amount of the copyrighted work that is copied" is "more than *de minimis*"; and (2) qualitatively, whether the copying "concerns the copying of expression, rather than ideas, facts, works in the public domain, or any other non-protectable elements." *Castle Rock Ent., Inc. v. Carol Pub. Grp., Inc.*, 150 F.3d 132, 138 (2d Cir. 1998) (internal quotation marks and alterations omitted).

A review of the works unveils no actionable copying, let alone copying that exceeds the *de minimis* threshold. As noted above, the stock similarities between Dr. Rhoades and the fictional version of Shull cannot support a plausible infringement claim. Nor can the supposed similarities between the psychological advice that Dr. Rhoades and Shull offer. Plaintiffs, among other things, cannot copyright the idea that one should eat, sleep, and exercise to perform well. *See Abdin*, 971 F.3d at 67 ("[F]acts and ideas are not protected by copyright."). And to the extent Plaintiffs allege that *Billions* copies a one-on-one counseling session that takes place in *Market Mind Games* concerning a bad trade, they are mistaken. The counseling sessions in the two works take place in entirely different contexts, resulting from different traumas and leading to different psychological revelations.

Accordingly, even assuming that the district court erred in consulting the internet, it properly dismissed the copyright infringement claims here on the ground that the works at issue are not substantially similar, dooming these claims as a matter of law.

## B. Post-Judgment Motion for Leave to Amend

We review the "denial of a postjudgment motion for leave to replead for abuse of discretion." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011). But we review *de novo* the denial of such a motion "on the grounds that amendment would be futile." *Jackson v. Abernathy*, 960 F.3d 94, 97 (2d Cir. 2020). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).

Plaintiffs argue that the district court abused its discretion in denying their post-judgment motion for leave to amend in large part because they were not afforded an opportunity to replead. Again, we disagree. The district court properly denied Plaintiffs' motion for leave to amend because Plaintiffs' proposed amendments as to their remaining claims would be futile.

"In the ordinary course, the Federal Rules of Civil Procedure provide that courts 'should freely give leave' to amend a complaint 'when justice so requires.'" *Williams*, 659 F.3d at 212 (quoting Fed. R. Civ. P. 15(a)(2)). "Where, however, a party does not seek leave to file an amended complaint until after judgment is entered, Rule 15's liberality must be tempered by considerations of finality." *Id.* at 213. Thus, "[a]s a procedural matter, '[a] party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to [Rules] 59(e) or 60(b).'" *Id.* (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)). We have held that "it is an abuse of discretion to deny a motion under Rule 59(e) . . . when the plaintiff was never given an opportunity to replead in the first place." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 144 (2d Cir. 2020). But even when a plaintiff has not had one such opportunity, a district court may properly deny her post-judgment motion for leave to amend if her proposed amendments would be futile. *See Williams*, 659 F.3d

6

at 214 ("It is well established that leave to amend need not be granted where the proposed amendment would be futile." (internal quotation marks and alterations omitted)).

Here, Plaintiffs' proposed amended complaint includes additional factual allegations pertaining to their claims for copyright infringement and a new claim under Section 43(a) of the Lanham Act for false endorsement. Plaintiffs' amended copyright claims fail for the same reasons their original copyright claims failed. As highlighted above, the district court properly dismissed Plaintiffs' copyright infringement claims after a careful review of the works, in their entirety, led it to conclude they are not substantially similar as a matter of law. No amount of repleading can remedy this deficiency. *See Gaito*, 602 F.3d at 64–65 (holding that courts may resolve the issue of substantial similarity as a matter of law at the pleadings stage based on a complete review of the works at issue).

Plaintiffs' Lanham Act claim suffers from a similar flaw. To state a claim for false endorsement under Section 43(a) of the Lanham Act, a plaintiff must plausibly allege: "(1) that the mark . . . is distinctive as to the source of the good or service at issue, and (2) that there is [a] likelihood of confusion between the plaintiff's good or service and that of the defendant." *See Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 257 (2d Cir. 2021) (internal quotation marks omitted). As to the second of these elements, a court may dismiss a Section 43(a) claim "as a matter of law where the court is satisfied that the products or marks are so dissimilar that no question of fact is presented." *Pirone v. MacMillan, Inc.*, 894 F.2d 579, 584 (2d Cir. 1990) (internal quotation marks omitted). We have previously explained that "the absence of substantial similarity leaves little basis for asserting a likelihood of confusion or palming off for purposes of a claim under [S]ection 43(a) of the Lanham Act." *See Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 246 (2d Cir. 1983) (internal quotation marks omitted). Given the

7

absence of substantial similarity here—and, indeed, given the considerable dissimilarity between Dr. Rhoades in *Billions* and the fictionalized version of Shull in *Market Mind Games*—Plaintiffs "cannot possibly show confusion as to source or sponsorship" sufficient to state a claim under Section 43(a) of the Lanham Act.    *Pirone*, 894 F.2d at 585 (internal quotation marks omitted).

Accordingly, the district court properly denied Plaintiffs' post-judgment motion for leave to amend.

\* \* \*

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk