22-3194-cv
*Sorotzkin v. EmblemHealth Inc., Group Health Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of October, two thousand twenty-three.

PRESENT:    Guido Calabresi,
            Steven J. Menashi,
            Beth Robinson,
                    *Circuit Judges.*

───────────────────────────────────────────

ROCHEL SOROTZKIN, Attorney in Fact for H and D,

   *Plaintiff-Appellant*,

  v.                                                 No. 22-3194

EMBLEMHEALTH    INC.,    GROUP    HEALTH
INCORPORATED,

   *Defendants-Appellees.*\*

───────────────────────────────────────────

────────────────────

\* The Clerk of Court is directed to amend the caption as set forth above.

*For Plaintiff-Appellant*:     YAAKOV POLLAK, ESQ., Lakewood, NJ.

*For Defendants-Appellees*:     HOWARD S. WOLFSON, Morison Cohen, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court reflected in its orders of August 8, 2022, and November 22, 2022, is **AFFIRMED**.

Plaintiff-Appellant Rochel Sorotzkin, as attorney-in-fact for H and D, appeals the dismissal of her claim for failure to state a claim on which relief can be granted and the denial of leave to amend her complaint. "[A] district court's grant of a defendant's motion to dismiss" is reviewed de novo. *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I

We consider whether Sorotzkin has standing before proceeding to the merits. We conclude that she does. H and D's power of attorney grants Sorotzkin the authority to "pursue, institute, settle, appeal or terminate any claims, litigation or administrative proceedings related to the collection of monies or other property owed to [them] … under any insurance policy or benefit plan." J. App'x 228. Sorotzkin brought suit as H and D's attorney-in-fact. *Id.* at 32.

A person granted a power of attorney may bring lawsuits only on behalf of, and for the benefit of, the grantor. *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17-18 (2d Cir. 1997). A power of attorney does not "transfer an ownership interest in the claim," *id.*, so Sorotzkin could sue as attorney-in-fact only

for the benefit of H and D, not for her own benefit. Paragraph 1 of the second amended complaint ("SAC") states that the action was brought "for the benefit of Brainbuilders." J. App'x 32-33. We understand this language, however, to refer to an assignment of benefits that H and D executed with Brainbuilders, which the SAC alleges to be "valid at least as it pertains to NYC Defendants," though perhaps not with respect to the insurer defendants. *Id*. The SAC does not assert that recovery will go to Sorotzkin herself. Instead, the complaint seeks recovery for the "Plaintiffs," *id.* at 41, a group that the SAC defines as "Brainbuilders LLC, and H, and D, by their Attorney-in-Fact, Rochel Sorotzkin," *id.* at 32. Given this language, the complaint describes a lawsuit on behalf of H and D, the grantors of the power of attorney, rather than Sorotzkin, the grantee.

Unlike other cases in which the complaint contained "no allegation" that the grantor "has suffered any harm," *Lipani v. Aetna Life Ins. Co.*, No. 22-2634, 2023 WL 3092197, at \*7 (D.N.J. Apr. 26, 2023), the SAC here does allege that H and D suffered harm. Paragraph 22 of the SAC states that, because of the allegedly low reimbursement rates for the services of Brainbuilders, Brainbuilders was "forc[ed]…to 'balance bill' D's caregivers" the difference between the reimbursement rates and the cost to Brainbuilders of the treatment. J. App'x 35-36. Paragraph 32 further alleges that the insurers are engaged in an ongoing "denial of D's sole lifeline and his only prospect of leading a fulfilling life" and are "refus[ing] to protect Plaintiffs from the financial consequences of D's autism." *Id.* at 37. Because of these allegations, the SAC indicates that the requested relief of past and future reimbursement to Brainbuilders, *see id.* at 41, would benefit H and D financially and otherwise. Moreover, the request for punitive damages based on the insurers' alleged mistreatment of H and D, *see id.* at 37, 41, indicates a further possible recovery for their benefit. We conclude that Sorotzkin brought the SAC on behalf of H and D, acting in her capacity as their attorney-in-fact.

In a supplemental letter brief regarding the standing issue, the insurers claim that the district court "erred as a matter of law" in applying the requirements for a valid power of attorney. Appellees' Letter Br. 5. We conclude that the district

court was correct that "the power of attorney in favor of Rochel Sorotzkin is valid under New Jersey law." *Brainbuilders LLC v. EmblemHealth, Inc.*, No. 21-CV-4627, 2022 WL 3156179, at \*6 (S.D.N.Y. Aug. 8, 2022). Under New Jersey law, a power of attorney "must be in writing, duly signed and *acknowledged* in the manner set forth in [N.J. Stat. § ]46:14-2.1" N.J. Stat. § 46:2B-8.9 (emphasis added). The insurers emphasize that the power of attorney did not meet the requirements for a power of attorney to be "*prove*[*d*]" under c(b) (emphasis added). Appellee's Reply Letter Br. 2. However, because under New Jersey law, a power of attorney must only be "acknowledged" according to the requirements set forth in § 46:14-2.1, the insurers' argument does not establish that the power of attorney is invalid.

We conclude that Sorotzkin has standing to sue on behalf of H and D.

**II**

On the merits, we conclude that the district court properly dismissed Sorotzkin's express breach claim because the SAC fails to allege that a specific provision of the contract with the insurers was breached. *Brainbuilders*, 2022 WL 3156179 at \*7. Sorotzkin suggests that the SAC identifies the "coverage" provision of the contract as having been breached by a reimbursement rate that was allegedly too low to qualify as "coverage." *See* Appellant's Br. 8-11. Even if that were an accurate description of the allegations, the SAC fails to state a claim for breach of the "coverage" provision. Sorotzkin is correct that the contract "includes coverage for ABA"—that is, applied behavioral analysis, the treatment for which Sorotzkin alleges the insurers underpaid. App'x 35. But the contract also states that non-participating providers treating insureds are to receive "benefits … under the City of New York Non-Participating Provider Schedule in accordance with the Allowed Charge for all services." *Id*. When we read "the integrated agreement as a whole," *Glob. Reinsurance Corp. of Am. v. Century Indem. Co.*, 22 F.4th 83, 95 (2d Cir. 2021) (internal quotation marks omitted) (quoting *Lockheed Martin Corp. v. Retail Holdings, N.V.*, 639 F.3d 63, 69 (2d Cir. 2011)), it becomes apparent that the "coverage" provision requires reimbursement rates only according to the

4

Schedule, not at a greater level of reimbursement. For that reason, the express breach claim was properly dismissed.

### III

At the same time, the district court did not adequately explain the dismissal of Sorotzkin's claim for breach of the implied covenant of good faith and fair dealing. Under New York law, "[a] claim for violation of the covenant" may be dismissed "as duplicative" when the claim is not "based on allegations different from those underlying the breach of contract claim." *JN Contemp. Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 128 (2d Cir. 2022). But this anti-duplication rule "does not preclude a party from bringing a claim for breach of the implied covenant of good faith and fair dealing" alongside a claim for express breach of contract when those claims "are brought in the alternative." *Fantozzi v. Axsys Techs., Inc.*, No. 07-CV-2667, 2008 WL 4866054, at *7 (S.D.N.Y. Nov. 6, 2008). That is because under the rule "[a] party is only precluded from recovering on both theories at the same time." *Id.*

In this case, Sorotzkin brought the claims in the alternative, arguing that the reimbursement rate breached the express terms of the contract or, if it did not breach the express terms, breached the implied covenant. The only reason the district court provided for dismissing the express breach claim was that Sorotzkin did "not allege that any specific contractual provision was purportedly breached." *Brainbuilders*, 2022 WL 3156179, at *7. And the only reason the district court provided for dismissing the implied covenant claim was that it duplicated the express breach claim. *See id.* at *8. But if the allegedly improper conduct did not breach an express contractual provision, that is precisely the circumstance in which a party may maintain a claim for breach of the implied covenant.

Unable to identify a specific provision that was breached, Sorotzkin relied instead on a putative breach of the contract's "entire foundation and premise." Appellant's Br. 11. That essentially describes an implied covenant claim, in which a party does not need to allege the breach of a specific provision but rather of "any

promise[] that a reasonable promisee would understand to be included" in the contract. *JN Contemp. Art*, 29 F.4th at 128 (quoting *Spinelli v. Nat'l Football League*, 903 F.3d 185, 205 (2d Cir. 2018)).

Thus, this is not a case in which the express breach claim was dismissed because, for example, "there was no breach of the agreement" at all, *JN Contemp. Art*, 29 F.4th at 122, or for some other reason that would explain why an implied covenant claim would necessarily fail as well. To the contrary, the lack of an express term that prohibited the conduct is what makes an implied covenant claim proper. The district court provided no reason why the implied covenant claim, if argued alone, would not succeed.[1]

Nevertheless, we may affirm the district court's dismissal on any ground supported by the record, "including grounds upon which the district court did not rely." *Pollara v. Seymour*, 344 F.3d 265, 268 (2d Cir. 2003) (quoting *Prisco v. A & D Carting Corp.*, 168 F.3d 593, 610 (2d Cir. 1999)). We conclude that the SAC fails to state a claim for breach of the implied covenant of good faith and fair dealing. The only factual basis for the claim is the allegedly too-low reimbursement rate. J. App'x 38. Sorotzkin does not allege any specific facts establishing bad faith or an illicit motive on the part of the defendants, any effort to conceal the Schedule of Allowed Charges, or a collusive effort with the city to set rates unfairly low. She does not even allege that the reimbursement rates that the defendants paid were lower than the reimbursement rates for similar health insurance contracts for similar treatment. The reimbursement rate, standing alone, does not establish a breach of the covenant of good faith and fair dealing. For that reason, we affirm the judgment of the district court dismissing the claim.

---

[1] To be sure, the district court did provide additional reasons for dismissal when it denied Sorotzkin's motion to reconsider. *See* J. App'x 288-91. But it did not provide those reasons in its original opinion and order dismissing the claim.

6

## IV

"We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, in which case we review the legal conclusion *de novo*." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (alteration omitted) (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). As Sorotzkin notes, there is no categorical rule against granting leave to amend postjudgment "when justice so requires." Appellant's Br. 27 (quoting Fed. R. Civ. P. 15(a)(2)). While "heightened standards [are] applicable to postjudgment motions for leave to amend," *In re Buckskin Realty, Inc.*, 845 F. App'x 68, 71 (2d Cir. 2021), "postjudgment motions for leave to replead must be evaluated with due regard to *both* the value of finality *and* the policies embodied in Rule 15," *Williams v. Citigroup Inc.*, 659 F.3d 208, 213 (2d Cir. 2011) (emphasis added). For this reason, "it might be appropriate in a proper case to take into account the nature of the proposed amendment in deciding whether to vacate the previously entered judgment." *Id.* (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)).

A district court may deny leave to amend when the amendment would be futile because it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Panther Partners.*, 681 F.3d at 119. "[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015). Furthermore, a district court acts within its discretion to deny a motion to amend or to replead when a plaintiff has filed successive motions and had prior opportunities to amend but "failed to cure deficiencies" in the complaint. *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 136 (2d Cir. 2020); *see also De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 71-72 (2d Cir. 1996); *Armstrong v. McAlpin*, 699 F.2d 79, 93-94 (2d Cir. 1983).

The district court denied Sorotzkin leave to amend both because she had already been given two prior opportunities to amend the complaint and because

any additional amendment would have been futile. J. App'x 293-95. Sorotzkin did not identify new facts that could have been alleged in a third amended complaint that would have allowed her claims to survive a motion to dismiss. We conclude that the district court did not abuse its discretion in denying leave to amend.

*　　*　　*

We have considered Sorotzkin's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court