17-3359-cv
Mosby v. Bd. of Education City of Norwalk

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand eighteen.

PRESENT:
    ROBERT A. KATZMANN,
        *Chief Judge,*
    AMALYA L. KEARSE,
    DENNY CHIN,
        *Circuit Judges.*

_____

Alvin Mosby,

            *Plaintiff-Appellant*,

        v.                                                            17-3359

Board of Education City of Norwalk,

            *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:            JEFFREY BENJAMIN, Kupillas, Unger &
                                    Benjamin, LLP, New York, NY, argued
                                    orally for Alvin Mosby, Norwalk, CT, who
                                    filed a brief *pro se*.

FOR DEFENDANT-APPELLEE:             M. JEFFRY SPAHR, Office of Corporation
                                    Counsel, City of Norwalk, Norwalk, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Meyer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Alvin Mosby, proceeding *pro se*, sued the Board of Education of the City of Norwalk (the "Board") for racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964. He alleged that a 2013 Collective Bargaining Agreement ("CBA") between the Board and his union that changed retirees' medical benefits produced a disparate impact on African-American employees as compared to retired white employees. He also alleged that, in retaliation for his discrimination complaints with outside agencies, the Board leaked his personal information to the press. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). Disparate impact claims require a three-part analysis that involves shifting evidentiary burdens. *See Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 382 (2d Cir. 2006). Once a plaintiff has borne his initial burden of establishing a prima facie showing of disparate impact by identifying the employment practice that is allegedly responsible for the disparities, the defendant may rebut that prima facie case by

2

indicating, *inter alia*, that the challenged employment practice is consistent with business necessity. *Id.* If the defendant successfully meets that burden, the plaintiff can prevail only by showing that other provisions, which would not cause "a similarly undesirable racial effect," would serve the defendant's legitimate business interests. *Id.* (citation omitted).

The district court properly granted summary judgment to the Board on Mosby's disparate impact claim. Having held that Mosby alleged a prima facie case, the court ruled that the Board's explanation—that the changes to retiree medical benefits in the 2013 CBA were imposed as a cost-saving measure—was consistent with a valid business necessity. *See id.*; *Ste. Marie v. Eastern R. Ass'n*, 650 F.2d 395, 399 (2d Cir. 1981) (explaining that the shifted burden to establish business necessity requires an employer simply "to articulate some legitimate, nondiscriminatory reason" (internal quotation marks omitted)). Because the Board satisfied its burden, Mosby was required to point to the availability of an alternative practice that would satisfy the Board's business justification without producing a disparate effect. *See Gulino*, 460 F.3d at 382. Although Mosby successfully moved for an extension of time to respond to the Board's motion for summary judgment, he did not request additional time to gather evidence after the extension was granted. A review of the record before the district court demonstrates that Mosby failed to submit any evidence of an alternative method of providing retirees' medical insurance benefits that would satisfy the Board's proffered business necessity rationale without producing a disparate impact. Accordingly, summary judgment on Mosby's disparate impact

3

claim was properly granted because he did not meet his burden under the Title VII burden-shifting framework. *See id.*[1]

Similarly, we conclude that the district court properly granted summary judgment as to Mosby's retaliation claim. To state a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). No reasonable jury would find that the Board engaged in a materially adverse action, as there was no evidence in the record to support Mosby's claim that the Board leaked his personal information to the press. Accordingly, we affirm the grant of summary judgment on this claim for substantially the same reasons stated by the district court.

To the extent Mosby argues on appeal that the district court ignored arguments in support of retaliation claims that he attempted to raise in an amended retaliation complaint, this argument fails because that complaint was stricken and therefore was not part of the record before the district court. *See, e.g.*, *United States v. Apple Inc.*, 787 F.3d 131, 139 n.3 (2d Cir. 2015) (declining to consider evidence not before the district court); *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975) (pointing out that federal appellate courts will generally not consider rulings or evidence that are not part of the trial record).

---

[1] On appeal, Mosby does not challenge the district court's alternative holding that the 2013 CBA provisions at issue were part of a "bona fide seniority system" justified under Title VII, which provides an independent and adequate basis to affirm the district court. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005).

4

Likewise, to the extent that Mosby seeks to pursue retaliation claims that were not part of his original complaint—*i.e.*, that he was subjected to a retaliatory transfer and an offensive remark—the district court properly refused to entertain such arguments because Mosby neither asserted those claims in a proper amended pleading nor moved for leave to file an amended complaint that would raise them or augment his existing claim. Instead, Mosby first raised these new claims in his opposition to the Board's motion for summary judgment. The district court did not err in declining to consider these claims on the ground that their assertion was unduly belated. *See, e.g.*, *Greenidge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006); *Yercon v. Henry*, 91 F.3d 370, 378 (2d Cir. 1996). And while leave to amend should be freely granted, it is not an abuse of discretion, *see, e.g.*, *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011), for the court not to grant such leave in the absence of a request, *see, e.g.*, *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 126 (2d Cir. 2013); *Greenidge*, 446 F.3d at 361.

We have considered all of Mosby's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5