14

Michael S. KIMM, Plaintiff–Counter–
Defendant–Appellant,

v.

CHANG HOON LEE AND CHAMP,
INC., Defendant–Counterclaimant–
Cross–Defendant–Appellees,

In Chul Koh, Defendant–
Cross–Defendant,

Joon Hwan Lee, Defendant–
Counter–Claimant,

Korea Central Daily, Jin Se Kim, Segye
Times and Jason Yoon, Defendants–
Cross–Defendants–Appellees,

Bergen News, doing business as Korean
Bergen News, WMBC–TV, John Does/
Jane Does 1–10, ABC Companies 1–10,
John Doe 1 and John Doe 2, Defen-
dants–Cross–Defendants,

Chung Seng Koh, Defendant–Appellee,

Safenet Communications Corp.
and Inchol Yon, Counter–
Claimants–Appellees.

No. 05–2407–cv.

United States Court of Appeals,
Second Circuit.

July 6, 2006.

Jordan D. Yuelys (Michael S. Kimm, on the brief), Hackensack, N.J., for Plaintiff–Counter–Defendant–Appellant Michael S. Kimm.

Michael D'Agostino, Becker & D'Agostino, New York, N.Y., for Defendant–Counterclaimant–Cross–Defendant–Appellees Chang Hoon Lee and Champ, Inc.

Kenneth P. Norwick, Norwick & Schad, New York, N.Y., for Defendant–Cross–Defendant–Appellee Korea Central Daily News.

John J. Lynch (John F. Burleigh, on the brief), Jacobs DeBrauwere LLP, New York, N.Y., for Defendants–Cross–Defendants–Appellees Jin Se Kim and Segye Times.

Frank J. Franzino, Jr., Meier Franzino & Scher, LLP, New York, N.Y., for Defendant–Appellee Chung Seng Koh.

Michael D'Agostino, Becker & D'Agostino, New York, N.Y., for Counterclaimants–Appellees Safenet Communications Corp. and Inchol Yon.

PRESENT: Hon. ROGER J. MINER, Hon. GUIDO CALABRESI and Hon. PAUL R. MICHEL,[1] Circuit Judges.

### SUMMARY ORDER

Plaintiff–Counter–Defendant–Appellant Michael S. Kimm ("Kimm"), an attorney, filed suit against individual, corporate, and media defendants (collectively, "Defendants–Appellees") alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., as well as breach of fiduciary duty and defamation under state law. Kimm alleges that Defendants–Appellees engaged in a conspiracy to deny him legal fees and undermine his professional name and reputation. Defendants–Appellees Inchol Yon, Safenet Communications Corp., Chang Hoon Lee, and Champ, Inc. filed counterclaims against Kimm alleging defamation and frivolous or vexatious litigation. On January 18, 2005, the district court (Baer, *J.*) granted motions to dismiss filed by Defendants–Appellees. Judge Baer permitted Kimm to seek leave to amend the pleadings, but on February 14, 2005, he denied Kimm's request to amend, finding insufficient changes to cure the failings in the complaint. Both of the district court's orders on the pleadings are presently on appeal. We assume the parties' familiarity with the facts, the procedural history, and the specific issues on appeal.

Kimm's complaint alleges that Defendants–Appellees, over a period of nearly ten years, engaged in myriad attempts to discredit and defame Kimm, as well as to breach a contract entitling Kimm to legal fees. A violation of 18 U.S.C. § 1962(c), which is the only substantive RICO violation that Kimm maintains on appeal, " 'requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.' " *United States v. Allen*, 155 F.3d 35, 40 (2d Cir.1998) (quoting *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). RICO defines "racketeering activity" as, *inter alia*, acts indictable for mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and Hobbs Act extortion in violation of 18 U.S.C. § 1951. *See* 18 U.S.C. § 1961(1).

Kimm alleges that Defendants–Appellees engaged in numerous racketeering activities of mail fraud/wire fraud and Hobbs

---

1. The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

Act extortion. To bring such claims, Kimm must demonstrate RICO standing, *i.e.,* that "he [or she] has been injured in his [or her] business or property by the conduct constituting the violation." *Sedima,* 473 U.S. at 496, 105 S.Ct. 3275; *see also Hecht v. Commerce Clearing House, Inc.,* 897 F.2d 21, 23 (2d Cir.1990) ("[I]n order to have standing, a plaintiff must show: (1) a violation of section 1962; (2) injury to business or property; and (3) causation of the injury by the violation.").

We find that Kimm's complaint—either as written or with Kimm's putative amendments—fails to demonstrate standing. As written, the generalized reputational harms alleged, including the risk of future lost business commissions, are too speculative to constitute an injury to business or property. *See Hecht,* 897 F.2d at 24. As putatively amended, Kimm's allegation of lost legal fees—that is, of legal fees incurred by Kimm but not awarded to him in the course of his successful prosecution of related state court actions for earlier legal fees—fails to satisfy RICO causation requirements. *See id.* at 23–24 (stating that "the RICO pattern or acts proximately cause a plaintiff's injury if they are a substantial factor in the sequence of responsible causation, and if the injury is reasonably foreseeable or anticipated as a natural consequence."). As was the case in *Hecht,* although prosecution of these state actions may have been "factually caused by defendants' RICO violations, it was not a foreseeable natural consequence sufficient for proximate causation." *Id.* at 24.

We therefore AFFIRM the decision of the district court to dismiss Kimm's complaint. We DENY Defendants–Appellees' motions for sanctions.