Petroff Amshen LLP v. Alfa Rehab PT PC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of February, two thousand twenty-two.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> *Circuit Judges*,
> JED S. RAKOFF,[*]
> *District Judge*.

_____

PETROFF AMSHEN LLP,

> *Plaintiff-Appellant*,

> v.                                                         21-847

ALFA REHAB PT PC, BRUNSWICK BANK & TRUST COMPANY, JAMES CHENG, CHUNG KWONG YAU, CAI FENG TAN, THE SAMANTHA LEE FAMILY TRUST, ADVANCED REHAB CARE PT PC, JOSEPHINE BELLONI, ANNAROSE ROTONDI TRUST, AGYAL PHYSICAL THERAPY PLLC, WEI JI LI, ASSEM PHYSICAL THERAPY PC, AMRO MAHMOUD SHOKRY BARAKAT, WISDOM PHYSICAL THERAPY PC, HATEM E. ABOUHASSAN, KISHORE KANDURI, AKA KISHORE K. KANDURI, RADWA PT PC,

_____

[*] Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

MOHAMED M. ELMANDOUH, MD, ULTIMATE CARE CHIROPRACTIC PC, GRAIG GRANOVSKY, GRAIG GRANOVSKY CHIROPRACTIC PC, THIRD AVENUE CHIROPRACTIC CARE PC, NATHANIEL MAZZA, THERAKINEMATICE PT PC, LEGASPI MADELINE, PHYSIO SOLUTIONS PT PC, REHAB CONCEPTS PT PC, SIGNIFICANT CARE PT PC, SAYED F. SAYED, NBC HEALTH PHYSICAL THERAPY PC, NATHANIEL BREX ROA CAYETUNA, LITE CARE REHAB PT PC, ISLAM BEKHET, EXTENSIVE CARE PT PC, ANNA MEYERZON, MMA PHYSICAL THERAPY PT PC, MAZED ABDEL MAGID, MD, JMP REHAB CARE PT, HARKIRTAN SINGH, DALBIR KAUR, HOWARD KESSLER, MD, FIRST HAND PHYSICAL THERAPY PC, ABDELHAMID ABOURYA, AKA ABDELHAMID MAHMOUD ABOURYA, EYE ON WELL-BEING ACUPUNCTURE PC, OATES DEVAN, CORE BASICS PC, KHALED NASR, COMMUNITY WELLNESS PHARMACY INC., RAKMIN ILYABAYEV, COMFORT TOUCH PT PC,  FERRIN MANUEL, CANARSIE WELLNESS PHARMACY INC., BODY ACUPUNCTURE CARE PC, OKSANA PODHAYETSKA, BRIGHT STAR REHAB PT PC, MOHAMED Y EL SAIDY, BL HEALTHY LIFE ACUPUNCTURE PC, ZENON KURKAREWICZ, BRONX CHIROPRACTIC REHABILITATION, P.C., SEAN DIAMOND, D.C., BEST TOUCH PT PC, MOTAZ M. EBEIDO, VITAL MERIDIAN ACUPUNCTURE PC, LUDMILA BOBCHYNSKA, MD, MEDS4DAYS PHARMACY INC., BRITTNEY COLEMAN, PHYSICAL THERAPY REHAB PC, ACUPUNCTURE HEALTHCARE PLAZA I PC, LAW OFFICES OF DOMINICK W. LAVELLE PC, DOMINICK LAVELLE, AKA DOMINICK W. LAVELLE, ELSANAA PT PC, MAHMOUD ELSANAA, ZHONG SU, LIBING SU, MANHATTAN'S HANDS OF HOPE PT PC, JOHN DOE #1-10, JEREMY JAMES

**SCHIES, BARAKAT PT PC, DANIMARK PHYSICAL THERAPY PC, CAMBRIDGE CLARENDON FINANCIAL SERVICES LLC,**

*Defendants-Appellees.*†

---

**FOR PLAINTIFF-APPELLANT:**       DANIEL GINZBURG, The Ginzburg Law Firm, P.C., Old Bridge, NJ (Steven Amshen, Petroff Amshen LLP, Brooklyn, NY, *on the brief*).

**FOR DEFENDANTS-APPELLEES:**       DONALD JAY POLS, Belis & Pols, LLP, Brooklyn, NY.

WESLEY MEAD, The Mead Law Firm, P.C., Astoria, NY.

LLOYD M. EISENBERG, Eisenberg & Carton, Uniondale, NY.

GALINA FELDSHEROVA, Kopelevich & Feldsherova, P.C., Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petroff Amshen LLP ("Petroff Amshen"), a law firm based in Brooklyn, alleges that dozens of chiropractors, physical therapists, and acupuncturists engaged in a tax evasion scheme implicating the firm. As alleged, individual Defendants, acting through corporate entities ("practices") under their control, wrote over 120 checks worth at least $600,000 made out to Petroff Amshen as the payee, often with memos of "legal fees" or "legal services." But Petroff Amshen never performed any legal services for Defendants and had no knowledge of the checks.

---

† The Clerk is respectfully directed to amend the caption accordingly.

Rather, Defendants forged Petroff Amshen's endorsement on the checks and created fake W-9 forms, purportedly issued by Petroff Amshen, to write off the transactions as business expenses. With the help of Cambridge Clarendon Financial Services, LLC ("Cambridge Clarendon"), a check casher in New Jersey, and Brunswick Bank & Trust Company ("Brunswick Bank"), a nearby bank, Defendants then cashed the checks for themselves, converting pretax money in their corporate accounts into post-tax assets. Cambridge Clarendon, "[u]pon information and belief . . . was aware of the scheme," "received remuneration and compensation for its role," and neglected to verify the (false) employer identification number on the W-9 or to call Petroff Amshen for verification. Compl. ¶¶ 7–9. The number of checks written by each firm varies from one to nineteen checks. The Complaint appends copies of checks allegedly written by Defendant firms, and many of the checks bear a stamp from Cambridge Clarendon.

Petroff Amshen sued each practice and the individual Defendants affiliated with it, along with Cambridge Clarendon and Brunswick Bank, in the United States District Court for the Eastern District of New York. Against each set of Defendants affiliated with a given practice, Plaintiff brought a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a claim for common-law fraud, and a claim for unjust enrichment. Plaintiff also requested declaratory relief to the effect that Petroff Amshen itself was not involved in Defendants' scheme. As to the RICO claim, Plaintiff alleged that each corporate Defendant was a RICO "enterprise," but also alleged that "[t]he criminal enterprise was comprised of all of the Defendants," corporate and individual, acting as a single organization. Compl. ¶ 11. For each corporate Defendant, all affiliated individuals are alleged to have "knowingly conducted and/or participated, directly or indirectly," in its conduct "through a pattern of racketeering activity" involving violations of 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud), and 1956 (money laundering). *E.g.*, Compl. ¶ 138.

4

As for damages, Petroff Amshen alleges injury to the firm's reputation via the use of its name in a fraudulent scheme. The firm also alleges that it will face tax penalties of an unspecified nature.

The district court dismissed all RICO counts for failure to state a claim and declined to exercise supplemental jurisdiction over Petroff Amshen's state-law claims. Petroff Amshen appealed, arguing that it has plausibly alleged RICO claims and that, in the alternative, it should be granted leave to amend.[1] We review a motion to dismiss for failure to state a claim de novo. *Darby v. Greenman*, 14 F.4th 124, 127 (2d Cir. 2021). We review denial of leave to amend for abuse of discretion. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

First, we agree with the district court that Petroff Amshen failed to state plausible RICO claims. RICO provides a cause of action to parties who are "injured in [their] business or property by reason of a violation of [18 U.S.C. § 1962]." 18 U.S.C. § 1964(c). To satisfy that requirement, a RICO plaintiff must show that the defendants' violation was the "proximate cause" of the injury. *D'Addario v. D'Addario*, 901 F.3d 80, 96 (2d Cir. 2018). "[P]roximate cause requires . . . some direct relation between the injury asserted and the injurious conduct alleged, and excludes . . . those links that are too remote, purely contingent, or indirect." *Id.* (quoting *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 323 (2d Cir. 2011)). Plaintiff's sole factual allegations in the Complaint relating to damages are:

> 130. Upon information and belief, Petroff Amshen will face, as proximate cause of the Defendants' criminal action, significant tax penalties, in an amount to be determined in the future and during discovery, unless the Court grants the relief sought herein.

---

[1] Petroff Amshen does not appeal the district court's dismissal of its state-law claims.

5

131. Upon information and belief, Petroff Amshen will suffer substantial injury to its reputation as a result of the Defendants' conduct in which the name, business reputation and identity of Petroff Amshen was used to conduct a fraudulent scheme.

Compl. ¶¶ 130–131. On appeal, Plaintiff abandons its theory of damages based on tax penalties and presses only its theory based on reputational damage. Plaintiff contends that it plausibly alleged monetary loss resulting from harm to its reputation and that these damages are not "general or speculative" because the Complaint asserts that Petroff Amshen "*will* suffer substantial injury to its reputation." Compl. ¶ 131 (emphasis added). But that assertion, a mere recitation of an element of a RICO claim, is a legal conclusion, not a factual allegation, so it is not entitled to a presumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But even if we presumed it to be true, the risk of lost profits in the future is insufficient to establish standing under the RICO statute. *See Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) ("RICO standing is a more rigorous matter than standing under Article III. A RICO plaintiff only has standing. . . when his or her actual loss [has] become[] clear and definite." (cleaned up)); *Kimm v. Chang Hoon Lee & Champ, Inc.*, 196 F. App'x 14, 16 (2d Cir. 2006) ("[T]he generalized reputational harms alleged, including the risk of future lost business commissions, are too speculative to constitute an injury to business or property."). Petroff Amshen thus failed to state plausible claims for relief under RICO.

Second, we decline to vacate the district court's judgment to allow Petroff Amshen to amend its complaint. Plaintiff concedes that it never moved to replead below. We have previously characterized as "frivolous" "the contention that the District Court abused its discretion in not permitting an amendment that was never requested." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011) (cleaned up). Vacatur of the judgment on appeal would thus be inappropriate.

In any event, the submission of a new complaint would likely be futile. Among other

6

deficiencies, Petroff Amshen has made no showing that any lost business, even if concretely alleged, would be a proximate result of Defendants' alleged scheme. *See D'Addario*, 901 F.3d at 96. The connection from Defendants' conduct to Petroff Amshen's reputational harm to consequential damages in the form of lost business is too attenuated to satisfy the proximate cause requirement. *See Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 10 (2010) (in defining proximate cause for RICO purposes, explaining that the "general tendency" is "not to go beyond the first step" of the causal chain (quoting *Holmes v. Sec. Inv. Protection Corp.*, 503 U.S. 258, 271–72 (1992)); *In re Am. Exp. Co. S'holder Litig.*, 39 F.3d 395, 400 (2d Cir. 1994) (denying RICO standing to those who are "neither the target of the racketeering enterprise nor the competitors nor the customers of the racketeer" (citation omitted)). Petroff Amshen also conceded at argument that it would allege no new racketeering activity by Defendants. Given that concession and the tenuous nature of Petroff Amshen's asserted chain of causation, we cannot conclude that the district court abused its discretion in declining a request for leave to amend that Petroff Amshen never made.[2]

We have considered the remainder of Petroff Amshen's arguments and find them to be without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] For the first time on reply, Petroff Amshen argues that its complaint should have been dismissed without prejudice, rather than with prejudice, if the only proper ground for dismissal was statutory standing. We ordinarily do not consider arguments first raised in a reply brief. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). We decline to do so here, in part for the reasons above—namely, that Petroff Amshen has made no showing that any new complaint would state a plausible claim for relief.