*Barrett v. Local 804 Union of the Int'l Bhd. of Teamsters*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

JAMIL O. BARRETT,

> *Plaintiff-Appellant*,

> v.                                                                   No. 24-1139

LOCAL 804 UNION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, UNITED PARCEL SERVICE INC.,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | SHARAN R. ABRAHAM (Michael J. Borrelli, *on the brief*), Borrelli & Associates, P.L.L.C., Garden City, NY. |
| **For Defendant-Appellee United Parcel Service:** | EVAN S. WEISS (MaKenna E. Tucker, Kristyn Hardy, *on the brief*), Martenson, Hasbrouck & Simon LLP, New York, NY. |
| **For Defendant-Appellee Local 804 Union of the International Brotherhood of Teamsters:** | H. JOSEPH CRONEN (Nathaniel K. Charny, *on the brief*), Charny & Wheeler P.C., Rhinebeck, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Natasha C. Merle, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 28, 2024 judgment of the district court is **AFFIRMED**.

Jamil O. Barrett appeals from the district court's dismissal of his *pro se* complaint alleging a violation of section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, against his former employer, United Parcel Service, Inc. ("UPS"), and his union, Local 804 Union of the International Brotherhood of Teamsters (the "Union"). We assume the parties' familiarity with the underlying

2

facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We construe a *pro se* complaint "liberally [and] with special solicitude" to "raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (internal quotation marks omitted). And we review a district court's decision not to *sua sponte* grant leave to amend a Second Amended Complaint for abuse of discretion. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011).

On appeal, Barrett principally argues that the district court erred in dismissing his Second Amended Complaint ("SAC") instead of liberally construing it to assert a breach-of-contract claim against UPS, or in the alternative, granting him leave to amend to assert a such a claim against UPS.[1] We disagree. While a district court must interpret a *pro se* complaint to "raise the strongest claims that it suggests," *Hogan*, 738 F.3d at 515, it does not err by declining to construe a *pro se* complaint to assert claims that would be futile as a matter of law. *See Biswas v. Rouen*, 808 F. App'x 53, 55 (2d Cir. 2020). And the Labor Management Relations Act ("LMRA") clearly precludes the breach-of-contract claim that Barrett advances here.

Section 301 of the LMRA preempts claims that are "inextricably intertwined with consideration of the terms of [a] labor contract." *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a section 301 claim, or

---

[1] We note that Barrett has not advanced any arguments challenging the district court's dismissal of his claims against the Union. Consequently, his appeal as to the Union is deemed waived and will not be addressed. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir.2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.") (internal quotation marks omitted).

dismissed as pre-empted by federal labor-contract law.") (internal citation omitted); *see also Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir. 2003). And it is well established that section 301 covers "other labor contracts besides collective bargaining agreements." *Drywall Tapers & Pointers of Greater New York, Loc. 1974 v. Operative Plasterers' & Cement Masons' Int'l Ass'n of U.S. & Canada*, 537 F.2d 669, 672 (2d Cir. 1976) (internal quotation marks omitted).

Here, the agreement that forms the basis of Barrett's proposed breach of contract claim is a settlement between the Union and UPS, which was entered into without any consultation with Barrett. This settlement resolved a grievance filed on Barrett's behalf by the Union pursuant to its collective bargaining agreement ("CBA") with UPS. *See* App'x at 16. The Supreme Court has recognized that the settlement of an employee grievance entered pursuant to the terms of a CBA is clearly "founded directly on rights created by [a] collective-bargaining agreement[]" and thus, completely preempted by section 301 of the LMRA. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *see also Allis-Chalmers Corp.*, 471 U.S. at 210–11; *Avedisian v. Quinnipiac Univ.,* 387 F. App'x 59, 62 (2d Cir. 2010) (holding that breach of contract claims founded on rights created by collective bargaining agreements are completely preempted by section 301 of the LMRA).

5

As a result, Barrett's breach-of-contract claim is pre-empted by federal labor-contract law. *See Retail Clerks Int'l Ass'n, Loc. Unions Nos. 128 & 633 v. Lion Dry Goods, Inc.*, 369 U.S. 17, 29–30 (1962) (holding enforcement on behalf of individual workers of a strike-settlement agreement between a union and employer was governed by section 301).

And since Barrett's proposed state contract claim was precluded by section 301, the district court was under no obligation to construe Barrett's *pro se* complaint to raise such a claim. Accordingly, the district court did not err in declining to construe the pleading to include an additional state law breach-of-contract claim, and it did not abuse its discretion in failing to *sua sponte* grant Barrett leave to amend for a third time where such a claim would be futile as a matter of law.

\*　　\*　　\*

We have considered Barrett's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6