*Williams v. Trans Union LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand twenty-six.

PRESENT:
>
> ROBERT D. SACK,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

STEPHEN JOHN WILLIAMS,

> *Plaintiff-Appellant*,

v.                                                              No. 25-37

TRANS UNION LLC, a Delaware general Liability Company,

*Defendant-Appellee.*

_____

| For Plaintiff-Appellant: | STEPHEN J. WILLIAMS, *pro se*, Storrs, CT. |
|---|---|
| For Defendant-Appellee: | CAMILLE R. NICODEMUS, Quilling, Selander, Lownds, Winslett & Moser, P.C. Indianapolis, IN. |

Appeal from an order of the United States District Court for the District of Connecticut (Jeffrey A. Meyer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 2, 2024 judgment of the district court is **AFFIRMED**.

Stephen John Williams, an attorney proceeding *pro se*, appeals from the district court's dismissal of his claims under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681c(a), against Trans Union LLC. On appeal, Williams contends that the district court (i) erred in concluding that his consolidation of previously defaulted student loans constituted a "new" loan under the FCRA; (ii) deprived him of "[c]onstitutional due process" by rejecting his FCRA claims without first ruling on his procedural objections to Trans Union's motion to dismiss, Williams Br. at 3; and (iii) incorrectly failed to "provid[e] [an] opportunity for amendment," *id.* at 18. We assume the parties' familiarity with the underlying

facts, procedural history, and issues on appeal, to which we refer only as necessary to resolve this appeal.

We "review *de novo* a district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff[]." *Muto v. CBS Corp.*, 668 F.3d 53, 56 (2d Cir. 2012). Meanwhile, we review a district court's decision not to spontaneously grant leave to amend for abuse of discretion. *Williams v. Citigroup Inc.*, 659 F.3d 208, 212 (2d Cir. 2011). Finally, while we "ordinarily . . . afford[] a special solicitude to *pro se* litigants," "a lawyer representing himself" – like Williams – generally will "receive[] no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

Williams first argues that the district court improperly construed section 1681c(a) of the FCRA, which requires credit agencies preparing "consumer reports" to "exclude[]" certain loans that "antedate[] the report by more than seven years." 15 U.S.C. § 1681c(a). Williams contends that this seven-year rule should have blocked Trans Union from reporting his 2023 loan, which he argues was not a "new loan" because it consolidated six much older ones. Williams Br. at 11 (internal quotation marks omitted). We need not reach this novel theory, however,

3

because Williams did not advance it before the district court, and "an appellate court will not consider an issue raised for the first time on appeal." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1078 (2d Cir. 2021) (internal quotation marks omitted).

Williams next contends that the district court "completely denied [him] the opportunity to be heard," because it "remained silent" after he moved to strike Trans Union's motion to dismiss on procedural grounds. Williams Br. at 3. But Williams had ample time to file his substantive response to the motion to dismiss; in fact, he requested – and received – a three-week extension of the deadline. And although Williams now argues that he could not have "[f]il[ed] a substantive opposition before knowing whether the motion [to] dismiss was procedurally proper," Reply Br. at 15, that is simply not true – Williams could have easily filed both his procedural and substantive objections at any time (or at the same time).[1]

Williams also argues that the district court "reversed the proper sequence" by ruling on the merits of the motion to dismiss *before* turning to his procedural

---

[1] Williams argues that opposing the motion to dismiss on the merits would have "risked waiving [his] procedural objections under Rule 12(h)(1)." Reply Br. at 15 (citing Fed. R. Civ. P. 12(h)(1)). But Williams does not explain how a later-filed brief could somehow inadvertently waive arguments already pending before the district court. And in any event, Rule 12(h)(1) governs waiver only of "any defense listed in Rule 12(b)(2)–(5)" – not of the procedural challenges that Williams raised in his Rule 12(f) motion to strike. Fed. R. Civ. P. 12(h)(1).

challenges – which it then rejected as moot. Williams Br. at 8. But regardless of the correct order of operations, Williams's main challenge – *i.e.*, that Trans Union's passing reference to his disciplinary record raised "matters outside the pleadings" that should have converted the entire motion to dismiss into a motion for summary judgment, Fed. R. Civ. P. 12(d) – does not withstand scrutiny. *See Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 100 (2d Cir. 2022) ("We may affirm on any ground with support in the record." (internal quotation marks omitted)). This is because (i) "[m]atters of which the district court can take judicial notice are not considered matters outside the pleadings for purposes of conversion," *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008) (internal quotation marks omitted); and (ii) the district court clearly could have taken judicial notice of the uncontestable fact that Williams had a disciplinary record, Dist. Ct. Doc. No. 38-1 at 2 n.1 (citing *In re Williams*, 978 F. Supp. 2d 123 (D. Conn. 2012)); *see CITGO Petroleum Corp. v. Ascot Underwriting Ltd.*, 158 F.4th 368, 387 (2d Cir. 2025) ("[A] court may take judicial notice of 'a fact that is not subject to reasonable dispute.'" (quoting Fed. R. Evid. 201(b)).

Meanwhile, the district court's decision to begin with the merits *aided* William's only other procedural challenge, which attacked Trans Union's attempt

5

to "embed" a "request for attorney's fees" in its motion to dismiss. Williams Br. at 5. The district court denied the demand for attorneys' fees without reaching this procedural issue, thus mooting that point – and protecting Williams's wallet. *Cf. AirTouch Paging v. F.C.C.*, 234 F.3d 815, 818 (2d Cir. 2000) ("[A] party generally lacks standing to appeal from a judgment or decree in his favor." (internal quotation marks omitted)).

Finally, Williams challenges the district court's decision not to spontaneously grant him leave to amend his complaint. But "an amendment is not warranted absent some indication as to what appellants might add to their complaint in order to make it viable, [and district courts are] under no obligation to provide [parties] with leave to amend [their] complaint[s], much less provide such leave *sua sponte*." *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004) (internal quotation marks omitted). Here, Williams neither sought leave to amend in the district court nor explained, on appeal, how amendment would fix the problems in his complaint. And while Williams insists that "[p]ro se litigants are entitled to . . . an opportunity to cure pleading deficiencies," Williams Br. at 18, he is entitled to "no such solicitude" because he is a "lawyer representing himself." *Tracy*, 623 F.3d at 101–02. It therefore cannot be said that the district court "abused

its discretion [by] not permitting an amendment that was never requested."

*Williams*, 659 F.3d at 212 (internal quotation marks omitted).

*     *     *

We have considered Williams's remaining arguments and find them to be without merit.  For these reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Andrew Barnes, Chief Deputy Clerk